1

2

3

4                            UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    SOMRAJ SINGH,                              Case No.  14-cv-05496-JCS

            Plaintiff,
8
                                                **SECTION 1915 REVIEW**
9        v.

10   DISCOVER BANK, et al.,

            Defendants.
11

12

## I.  INTRODUCTION

13

14        Plaintiff  Somraj Singh brings this pro se action under the federal Fair Debt Collection

15   Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.,  the Fair Credit Reporting Act ("FCRA"), 15

16   U.S.C. §§ 1681-1681x, and state law, against Defendants Discover Bank, Equifax Information

17   Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union LLC

18   ("Trans Union"), and John Does 1-25.   Having previously granted Plaintiff's Application to

19   Proceed in Forma Pauperis, the Court now considers whether Plaintiff's Complaint should be

20   dismissed under 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of an in forma pauperis

21   complaint that is (1) frivolous or malicious, (2) fails to state a claim on which relief may be

22   granted, or (3) seeks monetary relief from a defendant who is immune from such relief.  *See*

23   *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).   Plaintiff has consented to the jurisdiction of

24   the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).   For the reasons

25   stated below, the Court dismisses Plaintiff's complaint in part with leave to amend.  The Case

26   Management Conference set for **March 20, 2015 at 2:00 p.m.** is vacated.

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    **II.    THE COMPLAINT**

2        **A.    Factual Allegations**

3            **1.  0022 Credit Card**

4        In his Complaint, Plaintiff alleges that on November 1, 1999, Defendant Discover Bank

5    issued a credit card in his name, ending with number 0022, with a credit limit of $6,000.00 ("the

6    0022 Credit Card").  Complaint ¶ 12.  According to Plaintiff, he did not exceed his credit limit and

7    made timely monthly payments.  *Id*. ¶ 13.  As of January 2003, he alleges, the balance on his

8    credit card was under $6,000.00.  *Id*. ¶ 14.  At that time, "due to a family and then financial crises,

9    Plaintiff stopped living at his usual place of residence and started getting telephonic calls in

10   violation of Federal Debt Collection Act."  *Id*.  Nonetheless, Plaintiff alleges, he "always paid the

11   suggested monthly payment to the . . . best of his capability without asking the balance amount."

12   *Id*.  Plaintiff alleges that on April 4, 2003, his marriage was dissolved and he "totally moved out

13   from his usual place and stayed from place to place" but that he "did his best" to make his monthly

14   payments on the 0022 Credit Card "whenever it was possible." *Id*. ¶ 15.

15       According to Plaintiff, in February 2005, when he "came to meet his children, he was

16   surprised to have a statement from Defendant Discover that his $6000 credit limit card was

17   showing an outstanding balance of $19,109.56."  *Id*. ¶ 16 & Ex. A (Credit Card Statement

18   reflecting "previous balance" of $19,109.56 and "new balance" of $19,593.66).  Plaintiff alleges

19   that on or after February 25, 2005, he called Discover Bank on "repeated occasion and asked about

20   the proof of purchases above his prescribed limit of $6000" but to date, Discover Bank has not

21   provided him with such proof of purchases.  *Id*. ¶ 17.

22       Plaintiff alleges that he lost his job in July 2005 and then, due to the recession, moved to

23   India in October 2007.  *Id*. ¶ 18.  He further alleges that between October 2007 and August 2012,

24   he remained out of the country "most of the time[]."  *Id*.  According to Plaintiff, he returned to the

25   United States in November 2012 and learned that Discover Bank had executed liens with Alameda

26   County Recorder's Office and that the liens were appearing on his credit report as two entries, for

27   $20,925.00 and for $26,732.00.  *Id*. ¶ 19.

28       Plaintiff alleges that on or after November 15, 2012, he contacted Discover Bank

2

repeatedly asking for details of transactions over his credit limit, but Discover Bank did not provide any details;  nor did it "remove negative notations from Plaintiff's credit report." *Id.* ¶ 20 & Ex. B.

Plaintiff alleges that on March 12, 2013, he contacted Discover Bank but that Discover Bank again did not provide billing statements or proof of purchases. *Id.* ¶ 21.  Plaintiff further alleges that Discover Bank did confirm that it filed a lawsuit against Plaintiff on February 27, 2007 and "recorded negative notation on Plaintiff's credit reports for $20,924.87 (charge off) and a default judgment was entered against Plaintiff on April 26, 2006 in the amount of $26,732.23." *Id.*  Plaintiff alleges that on or after April 2013, he contacted Discover Bank on "repeated occasions and requested to remove the negative notations from his credit report" on the basis that they were in violation of the FCRA. *Id.* ¶ 22.

According to Plaintiff, "[o]n April 24, 2014, Discover Bank "again executed a money judgment of $48,120.07 and took away everything" from Plaintiff's bank accounts. *Id.* ¶ 23. Plaintiff alleges that Discover Bank reported, and continues to report, that Plaintiff owes money to it but that "Plaintiff does not owe money to Defendant." *Id.* ¶ 24.

Plaintiff alleges that "Defendant Discover reported and violated the laws pertaining to notification of delinquency, improper process of serving summons and erred in initiating legal action against Plaintiff that is including the lawsuit and money judgment." *Id.* ¶ 25. Plaintiff further alleges that it has notified Discover Bank in writing on May 2, 2014 and May 5, 2015 that it is in violation of the FCRA and the FDCPA but that Discover Bank has "completely failed to resolve the issues" alleged in the Complaint. *Id.* ¶ 26.

According to Plaintiff, Discover Bank violated the FCRA, 15 U.S.C. § 1681i, by failing to provide the following information within the "specified period":

a) Date of Credit Card Issued;

b) Amount of Credit limit assigned;

c) First Date of Default by Plaintiff;

d) Balance amount at the time of default;

e) Proofs of all Purchase above $6,000 ;

United States District Court
Northern District of California

3

1    f) Date of Reporting Collection Agency;

2    g) Date of Hiring Attorney;

3    h) Date of Servicing Summons;

4    i) Address and name who received summons;

5    j) Proof of First Class Mail (summons);

6    k) Copy of Signature person received Summons;

7    1) Proof of mail and Service of Judgment.

8  *Id*. ¶ 27.

9    ### 2.  6066 Credit Card

10    Plaintiff alleges that on December 1, 2013, Discover Bank issued another credit card in his

11  name, with numbers ending 6066 and a credit limit of $800.  *Id*. ¶ 28.  According to Plaintiff, on

12  May 14, 2014, Discover Bank sent him a letter stating that the balance on the account was

13  $48,272.97.  *Id*. ¶ 29 & Ex. F (May 14, 2014 Letter).   Plaintiff alleges that Discover Bank "is

14  falsely representing amount of Plaintiffs debt and further overshadowed and obscured the

15  disclosures required by 15 USC § 1692(a)(2)."  *Id*. ¶ 30.  Plaintiff alleges that Discover Bank

16  "[a]gain . . . has failed to provide information, how this huge balance of $48,272.97 came up for a

17  credit card with limit of just $800."  *Id*. ¶ 32.  Plaintiff further alleges that "[a]gain Defendant is

18  using unfair and unconscionable means to collect" a debt "which is not owed by Plaintiff and is

19  not expressly authorized by the agreement creating the debt or permitted by law."  *Id*. ¶ 33.

20  According to Plaintiff, this constitutes a "clear-cut violation of 15 U.S.C. § 1692(f)(1)."  *Id*.

21  Plaintiff further alleges that this conduct violates the "FCRA, FDCPA and other laws."  *Id*.

22    ### 3.  Equifax, Experian and Trans Union

23    Plaintiff alleges that on November 2012, he contacted Defendants Equifax, Experian and

24  Trans Union ("the Credit Reporting Agency Defendants") and "reported various negative

25  notations, wrong, irrelevant, or inaccurate information of accounts being reported on Plaintiffs

26  Credit reports for deletion."  *Id*. ¶ 34.   Plaintiff alleges that these Defendants were "not concerned

27  and failed to delete all negative notations, wrong, irrelevant, or inaccurate information of accounts

28  pertaining to Plaintiff by performing a reasonable investigation with Defendant Discover Bank . . .

United States District Court
Northern District of California

4

in accordance with the FCRA." *Id*. ¶ 35.  Plaintiff alleges that "[a]lternatively, Defendants Equifax, Experian, and Trans Union did not properly notify Defendant Discover Bank and, as part of this failure, did not include all relevant information provided by Plaintiff in its notification of Defendant Discover Bank . . . in accordance with the FCRA." *Id*. ¶ 36.  According to Plaintiff, if the Credit Reporting Agency Defendants "had properly investigated, then Defendant Discover Bank . . . would have been deleted and Plaintiff would not have suffered credit due." *Id*. ¶ 37.

Plaintiff further alleges that the Credit Reporting Agency Defendants have a policy of favoring paying customers such as Discover Bank by "merely 'parrot[ting]' whatever their customer . . . has told them to say"  and "parking" false information on consumers' credit reports in order to force the consumer to pay off debts they do not owe. *Id*. ¶¶ 40-48.  That is what occurred here, Plaintiff alleges. *Id*. ¶ 48.

## B.    Claims

### 1.   Count I:  Malicious Prosecution and Abuse of Process

Plaintiff  asserts a claim for Malicious Prosecution and Abuse of Process against Discover Bank based on the allegations that it instituted a lawsuit against Plaintiff without a reasonable basis and with no intention of proving its case. *Id*. ¶¶ 62-63.  Instead, Plaintiff alleges, Discover Bank maliciously filed the case in order to "extort money" from Plaintiff by obtaining a default judgment, which would allow it to garnish Plaintiff's bank accounts and obtain money to which it was not entitled.   *Id*. ¶¶ 65-68.

### 2.   Count II:  Constructive Fraud

Plaintiff asserts a claim for Construct Fraud against Discover Bank based on the allegation that it "induced him into an agreement with malice intent to alter plaintiff's position to cause injury or risk." *Id*. ¶ 73.  Plaintiff further alleges in support of this claim that Discover Bank "took full advantage of circumstances with knowledge that [Plaintiff] was in family and financial crises and living out of country." *Id*. ¶ 74.  In addition, Plaintiff alleges that Defendant "concealed material facts in order to induce, including but not limited to particularly in the second time by issuing Plaintiff a new unsecured credit card for $800.00 but later knowingly and falsely increased the balance amount as $48,272.97 which defendant knew that was false and Plaintiff did not

purchased or used credit over his prescribed or sanctioned limit." *Id.* ¶ 75.

### 3. Count III: Violation of the FCRA

Plaintiff alleges that Discover Bank furnishes information to one or more consumer reporting agencies and therefore is a "furnisher" under the FCRA, 15 U.S.C. § 1681s-2. Plaintiff further alleges that Equifax, Experian and Trans Union are "consumer reporting agencies" under 15 U.S.C. § 1681a(e).[1] Plaintiff asserts a claim under the FCRA against both Discover Bank, Equifax, Experian and Trans Union based on allegations that they "failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, concerning the account in question, violating 15 U.S.C. § 1681 e(b )." *Id.* ¶ 81. This claim is based on the additional allegation that Plaintiff notified Equifax, Experian and Trans Union directly that he disputed the accuracy of the information in their reports relating to his Discover Bank account. *Id.* ¶ 80. Plaintiff alleges that "Defendants failed to address the issues reported by Plaintiff in a proper manner." *Id.* ¶ 82. As an example of such a failure, Plaintiff alleges that Discover Bank "in its written communication accepted that two balance transfers affected [Plaintiffs'] account, but Defendant failed to provide billing statements for the purchases over the limit of $6000." *Id.*

### 4. Count IV: Invasion of Privacy

Plaintiff asserts a state law claim for invasion of privacy against all of the Defendants. *Id.* ¶¶ 87-88. According to Plaintiffs, a consumer's inherent right to privacy in financial data was recognized by Congress when it enacted the FDCPA, 15 U.S.C. § 1692(a) and the Gramm Leech Bliley Act. *Id.* ¶ 87. Plaintiff alleges that "[a]ll Defendants including DOES 1-25 intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting or credit reporting this debt thereby invading and intruding upon Plaintiff's right to privacy." *Id.* ¶ 88.

### 5. Count V: Negligent, Wanton, and/or Intentional Hiring and Supervision of

---

[1] The definition of a "consumer reporting agency" is found in 15 U.S.C. § 1681a(f). The Court assumes that Plaintiff's citation to § 1681a(e) is a typographical error.

United States District Court
Northern District of California

United States District Court
Northern District of California

**Incompetent Employees or Agents**

Plaintiff alleges that all Defendants negligently hired, retained or supervised employees who "were allowed or encouraged to violate the law as was done to Plaintiff." *Id*. ¶ 97.

### 6.  Count VI:  State Law Claims

Plaintiff asserts against all Defendants a claim entitled "State Law Claims," which includes claims for 1) intentionally publishing defamatory information and 2)  invasion of privacy.

## C.    Prayer for Relief

In his Prayer, Plaintiff asks the Court to award the following relief:

- Discover Bank:  1) entry of judgment finding that Discover Bank violated the FDCPA, the FCRA and other laws; 2) a declaration vacating and setting aside all judgments and levies obtained against Plaintiff by Discover Bank;  3) an order requiring deletion of all negative items, including levy, from Plaintiff's credit report and return of all money taken from Plaintiff's bank accounts; and 4) an order awarding actual  and punitive damages under 15 U.S.C. § 1692k.

- Equifax, Experian and Trans Union: 1) entry of judgment finding that these Defendants violated the FCRA and other laws; 2) an order requiring deletion of all negative items, including levy, from Plaintiff's credit report; 3) an injunction prohibiting further violation of the FCRA; 4) an order awarding actual and punitive damages under 15 U.S.C. § 1692k.

## III.    ANALYSIS

### A.    Legal Standard

If a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is permitted to proceed in forma pauperis, the court must undergo a preliminary screening of the complaint and dismiss any claims which: (1) are frivolous and malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim for relief, Plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When reviewing the sufficiency of the Complaint, the Court takes "all allegations of material fact

1   as true and construe(s) them in the light most favorable to the non-moving party." *Parks Sch. of*

2   *Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990). The "tenet that a court must accept a

3   complaint's allegations as true," however, "is inapplicable to . . . mere conclusory statements."

4   *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545

5   (2007)). The complaint need not contain "detailed factual allegations," but must allege facts

6   sufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (citing

7   *Twombly*, 550 U.S. at 547).   In evaluating the sufficiency of the complaint, the court generally

8   looks only to the face of the complaint and the documents attached thereto.  *Hal Roach Studios,*

9   *Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990).  Complaints filed by

10  *pro se* litigants must be liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### B.    Malicious Prosecution and Abuse of Process

12          In Count One, Plaintiff asserts a malicious prosecution claim against Discover Bank based

13  on the allegation that it instituted and prosecuted a groundless lawsuit against him.  This claim

14  fails as a matter of law.

15          Under California law, "the malicious prosecution plaintiff must plead and prove that the

16  prior proceeding, commenced by or at the direction of the malicious prosecution defendant, was:

17  (1) pursued to a legal termination favorable to the plaintiff; (2) brought without probable cause;

18  and (3) initiated with malice." *Carr v. Asset Acceptance, LLC*, 2011 WL 3568338, at *6 (E.D.

19  Cal., Aug. 12, 2011) (citing *Villa v. Cole*, 4 Cal. App. 4th 1327, 1335 (1992)).  Here, however,

20  Plaintiff alleges that Discover Bank obtaining a default judgment against him in the amount of

21  $26,732.23.  Consequently, he cannot meet the first required element, namely, that the prior

22  proceeding was pursued to a legal termination in his favor.  Because the allegations in Plaintiff's

23  complaint establish that he cannot prevail on this claim, Plaintiff's malicious prosecution claim is

24  dismissed with prejudice.

### C.    Constructive Fraud

26          In Count II, Plaintiff asserts a claim for constructive fraud against Discover Bank.

27  Plaintiff's allegations are not sufficient to state a claim.

United States District Court
Northern District of California

"Constructive fraud is a unique species of fraud applicable only to a fiduciary or confidential relationship." *Salahutdin v. Valley of California, Inc*., 24 Cal.App. 4th 555, 562 (1994)(quoting2 Miller & Starr, California Real Estate (2d ed. 1989) § 3:20, p. 119).   Under this doctrine, "a fiduciary is liable to his principal for constructive fraud even though his conduct is not actually fraudulent." *Id*.  In particular, "constructive fraud comprises any act, omission or concealment involving a breach of legal or equitable duty, trust or confidence which results in damage to another even though the conduct is not otherwise fraudulent. " *Id*.  Plaintiff's claim fails because he has not alleged any facts showing that Discover Bank owed him a fiduciary duty. *See Saldate v. Wilshire Credit Corp*, 268 F.R.D. 87, 100 (E.D.Cal., 2010) (quoting *Nymark v. Heart Fed. Savings & Loan Assn*., 231 Cal.App.3d 1089, 1096 (1991)) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money").

Further, to the extent Plaintiff intends to assert a claim for actual fraud, that claim fails as well as currently pled.  Under California law, the elements for actual fraud are: 1) misrepresentation;  2) knowledge of falsity;  3) intent to defraud, i.e., to induce reliance;  4) justifiable reliance; and 5) resulting damage.  *UMG Recording, Inc. v. Bertelsmann AG*, 479 F.3d 1078, 1096 (9th Cir.2007) (citing *Small v. Fritz Cos*., 30 Cal.4th 167, 173 (2003); *Anderson v. Deloitte & Touche,* 56 Cal.App.4th 1468, 1474 (1997)).  Further, a claim for actual fraud must meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, which requires that "a party must state with particularity the circumstances constituting fraud or mistake."   The only specific allegation in Plaintiff's claim is that Discover Bank "concealed material facts in order to induce, including but not limited to particularly in the second time by issuing Plaintiff a new unsecured credit card for $800.00 but later knowingly and falsely increased the balance amount at $48,272.97."  Complaint ¶ 75.  Plaintiff does not, however, identify any specific material fact that was concealed from him; nor does he explain how these facts induced reliance.  Therefore, he has failed to adequately plead actual fraud against Discover Bank.

### D.    Violation of the FCRA

In Count III, Plaintiff asserts claims under the FCRA against Discover Bank and the Credit

United States District Court
Northern District of California

9

1    Reporting Agency Defendants. These claims are adequately alleged.

2           With respect to Discover Bank, Plaintiff has alleged that it is a furnisher of information

3    and that it failed to meet its obligations under 15 U.S.C. § 1681s-2.   Section 1681s-2(a) prohibits

4    furnishers of information from reporting information to consumer reporting agencies "with actual

5    knowledge of errors" or "if the person knows or has reasonable cause to believe that the

6    information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A).   Further, the FCRA provides that a

7    "person shall not furnish information relating to a consumer to any consumer reporting agency if--

8    (i) the person has been notified by the consumer, at the address specified by the person for such

9    notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate." 15

10   U.S.C. § 1681s-2(a)(1)(B).  In addition, Section 1681s-2(b) imposes duties on furnishers of

11   information when they receive notice of a dispute, including the requirement that they "conduct an

12   investigation with respect to the disputed information" and, if they find that the information is

13   incomplete or incorrect, notify  all consumer reporting agencies to which the information was

14   furnished and modify, delete, or permanently block the reporting of the information, as

15   appropriate. 15 U.S.C. § 1681s-2(b).  To the extent that Plaintiff has alleged that the information

16   concerning his account is incorrect, that he repeatedly contacted Discover Bank to notify it that the

17   amount of the debt is disputed and to obtain clarification and that Discover Bank did not properly

18   investigate or correct the errors in the information that had been provided to the Credit Reporting

19   Agency Defendants, Plaintiff has adequately alleged that Discover Bank has violated this

20   provision.

21          The FCRA also imposes obligations on credit reporting agencies.  In particular, "if the

22   completeness or accuracy of any item of information contained in a consumer's file at a consumer

23   reporting agency is disputed by the consumer and the consumer notifies the agency directly, or

24   indirectly through a reseller, of such dispute, the agency shall . . .conduct a reasonable

25   reinvestigation to determine whether the disputed information is inaccurate and record the current

26   status of the disputed information, or delete the item from the file . . . ."   15 U.S.C. § 1681i(a)(1).

27   In addition, credit reporting agencies are required to "follow reasonable procedures to assure

28   maximum possible accuracy of the information concerning the individual about whom the report

United States District Court
Northern District of California

10

United States District Court
Northern District of California

1 | relates." 15 U.S.C. § 1681e(b).   If a consumer reporting agency negligently fails to comply with
2 | any provision of FCRA, actual damages and attorneys' fees are available.  15 U.S.C. § 1681o. In
3 | addition, a consumer can recover punitive damages for willful non-compliance. 15 U.S.C. §
4 | 1681n.  As Plaintiff alleges that the Credit Reporting Agency Defendants failed to follow
5 | reasonable procedures and properly investigate the information provided by Discover Bank after
6 | Plaintiff gave them notice of the dispute, Plaintiff has adequately alleged violations of the FCRA
7 | against the Credit Reporting Agency Defendants.

### E.    FDCPA

9 | While not styled as a claim, Plaintiff alleges in his complaint that Discover Bank violated
10 | the FDCPA, 15 U.S.C. § 1692f(1).  Section 1692f prohibits the use of any "unfair or
11 | unconscionable means to collect or attempt to collect any debt."   An example of an "unfair or
12 | unconscionable means" is "[t]he collection of any amount  . . . unless such amount is expressly
13 | authorized by the agreement creating the debt or permitted by law."15 U.S.C. § 1692g(1)(a).
14 | Because of Plaintiff's pro se status, the Court construes the Complaint liberally as asserting a
15 | claim under the FDCPA against Discover Bank.  Plaintiff fails to state a claim, however, because
16 | Discover Bank is not a "debt collector" within the meaning of the FDCPA.

17 | To be held directly liable for violation of the FDCPA, a defendant must, as a threshold
18 | requirement, fall within the FDCPA's definition of "debt collector."  *Heintz v. Jenkins*, 514 U.S.
19 | 291, 294 (1995). The FDCPA defines "debt collector" as "any person who uses any
20 | instrumentality of interstate commerce or the mails in any business the principal purpose of which
21 | is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly,
22 | debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term "debt
23 | collector" does not include a creditor that is attempting to collect its own debts. 15 U.S.C. §
24 | 1692a(6)(A).  A creditor is "any person who offers or extends credit creating a debt or to whom a
25 | debt is owed." 15 U.S.C. § 1692a(4).  "A company that extends a consumer credit line (e.g., a
26 | credit card company) is in the business of extending credit, not the business of collecting debts."
27 | *Smith v. Capital One Financial Corp*., 2012 WL 1669347, at *3 (N.D. Cal., May 11, 2012).
28 | Because Discover Bank is alleged to be the creditor attempting to collect its own debt, Plaintiff's

1    claim against it under the FDCPA fails as a matter of law and cannot be cured.  Therefore, the

2    Court dismisses Plaintiff's FDCPA claim with prejudice.

3    **F.    Invasion of Privacy**

4           Plaintiff asserts a claim for invasion of privacy against all Defendants in Count IV.   The

5    Court finds that this claim is preempted as to Discover Bank.  As to the Credit Reporting Agency

6    Defendants, the claim is not preempted but it nonetheless fails because it is not sufficiently pled.

7           The FCRA contains two preemption provisions:  15 U.S.C. § 1681t(b)(1)(F) and 15 U.S.C.

8    § 1681h(e).  Section 1681t is entitled "Relation to State Laws" and provides, in relevant part, that

9    "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to

10   any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities

11   of persons who furnish information to consumer reporting agencies . . . ."  15 U.S.C. §

12   1681t(b)(1)(F).   Section 1681h(e) provides as follows:

> Except as provided in sections 1681n and 1681o of this title, no
> consumer may bring any action or proceeding in the nature of
> defamation, invasion of privacy, or negligence with respect to the
> reporting of information against any consumer reporting agency, any
> user of information, or any person who furnishes information to a
> consumer reporting agency, based on information disclosed pursuant
> to section 1681g, 1681h, or 1681m of this title, or based on
> information disclosed by a user of a consumer report to or for a
> consumer against whom the user has taken adverse action, based in
> whole or in part on the report . . . except as to false information
> furnished with malice or willful intent to injure such consumer.

19   15 U.S.C. § 1681h(e).  With respect to furnisher's of information, Court in this District have found

20   that these provisions, read together, result in total preemption of all state law claims asserted

21   against furnishers  of information that are based on the obligations of furnishers of information

22   under the FCRA.  *See, e.g., O'Connor v. JP Morgan Chase,* 2014 WL 2216011, at *8-9 (N.D.Cal.,

23   May 29, 2014); *Samuel v. CitiMortgage, Inc*., 2013 WL 1501491, at *2-3 (N.D. Cal., April 10,

24   2013). Consequently, even state law claims that are based on the allegation that the information

25   was furnished with malice are preempted by the FCRA as to the furnisher of information.  *Id*.  The

26   undersigned agrees with the reasoning of those cases and therefore finds that Plaintiff's invasion

27   of privacy claim against Discover Bank is preempted.  Because Plaintiff cannot cure this

28   deficiency, this claim is dismissed without leave to amend.

United States District Court
Northern District of California

1    On the other hand, credit reporting agencies are not "furnishers of information" and

2    therefore, § 1681t(b)(1)(F) does not apply to them.  *See Shannon v. Equifax Information Services,*

3    *LLC,* 764 F.Supp.2d 714, 727-728 (E.D.Pa., 2011) (finding that § 1681t(b)(1)(F) "is limited to

4    entities that furnish information to consumer reporting agencies, and does not apply to consumer

5    reporting agencies themselves" and analyzing preemption of state law claims asserted against

6    credit reporting agencies under § 1681h(e) only).  Thus, as to the Credit Reporting Agency

7    Defendants, Plaintiff's invasion of privacy claim is not preempted because Plaintiff has alleged

8    that they acted with malice and in reckless disregard of Plaintiff's rights under the FCRA.  *See id.*

9    at 728.[2]

10    Nonetheless, Plaintiff fails to state a claim for invasion of privacy against the Credit

11    Reporting Agency Defendants.  "To state a cognizable claim for the invasion of privacy, Plaintiff

12    must allege '(1) public disclosure (2) of a private fact (3) which would be offensive and

13    objectionable to the reasonable person and (4) which is not of legitimate public concern.'" *Wright*

14    *v. Specialized Loan Servicing, LLC*, 2014 WL 5308633, at *3 (E.D. Cal., Oct. 16, 2014) (quoting

15    *Shulman v. Group W Productions, Inc*., 18 Cal.4th 200, 215 (1998)).  To establish a "public

16    disclosure," the plaintiff must show that the allegedly private fact was disclosed "to the public in

17    general, or to a large number of persons, as distinguished from an individual or a few persons."

18    *Id*. (citing *Friddle v. Epstein*, 16 Cal. App. 4th 1649, 1659 (1993)).  Here, Plaintiff does not allege

19    the Credit Reporting Agency Defendants publically disclosed any private information.  Construing

20    the complaint liberally, Plaintiff's allegations indicate, at most, that these defendants provided

21    *Plaintiff* with a copy of his credit report.   Because no public disclosure is alleged, Plaintiff fails to

22    state a claim for invasion of privacy as to the Credit Reporting Agency Defendants.  However, as

23    it is possible Plaintiff will be able to cure this deficiency, he will be given an opportunity to amend

24    _____

25    [2] The Court has found no case decided by the Ninth Circuit or any district court within the Ninth
     Circuit directly addressing whether credit reporting agencies fall under the total preemption rule

26    that applies to "furnishers of information" or rather, whether state law claims may be asserted
     against credit reporting agencies to the extent that the conduct is alleged to have been reckless or

27    with malice.  Therefore, as to the state law claims asserted against the Credit Reporting Agency
     Defendants that the Court finds are not preempted, the Credit Reporting Agency Defendants will
     not be precluded from challenging Plaintiff's claims against them on the grounds of preemption at

28    the pleading stage of the case.

1    as to this claim.

2        **G.    Count V:  Negligent, Wanton, and/or Intentional Hiring and Supervision of
3                 Incompetent Employees or Agents**

4        Plaintiff asserts claims for "negligent, wanton, and/or intentional hiring and supervision of

5    incompetent employees."  The claim is based on the allegation that these employees were "were

6    allowed or encouraged to violate the law as was done to Plaintiff."  Complaint ¶ 97.  The Court

7    finds that this claim is preempted as to Discover Bank.  The Court further concludes that although

8    the claim is not preempted as to the Credit Reporting Agency Defendants, it is insufficiently pled

9    as to those defendants.

10       "California case law recognizes the theory that an employer can be liable to a third person

11   for negligently hiring, supervising, or retaining an unfit employee."  *Doe v. Capital Cities*, 50 Cal.

12   App. 4th 1038, 1054 (1996) (citing *Evan F. v. Hughson United Methodist Church*, 8 Cal.App.4th

13   828, 836 (1992)).  The court in *Doe* explained that "[l]iability is based upon the facts that the

14   employer knew or should have known that hiring the employee created a particular risk or hazard

15   and that particular harm materializes."  *Id*.  To the extent the claim is asserted against Discover

16   Bank, the risk and harm alleged by Plaintiff is violation of 15 U.S.C. § 1681s-2 and thus, falls

17   under the total preemption of state law claims discussed above.  Further, because the claim against

18   Discover Bank cannot be cured by amendment, it is dismissed without leave to amend.

19       On the other hand, the claim is *not*  preempted as to the Credit Reporting Agency

20   Defendants to the extent that preemption as to those defendants is governed by § 1681h(e) and

21   Plaintiff alleges  that Defendants acted "wantonly and/or intentionally" in hiring "incompetent

22   employees or agents."  Still, he has not stated a claim because he has not alleged any specific facts

23   showing that he was harmed by the alleged conduct of the Credit Reporting Agency Defendants.

24   In particular, as discussed above, there is no allegation that any of these Credit Reporting Agency

25   Defendants provided Plaintiff's credit report to anyone or that Plaintiff was affected in any

26   specific way by the allegedly false information contained in these reports.   Therefore, this claim is

27   inadequately alleged as to the Credit Reporting Agency Defendants.  Plaintiff may be able to cure

28   this defect, however, and therefore will be permitted to amend this claim as to the Credit

United States District Court
Northern District of California

14

1   Reporting Agency Defendants only.

2       **H.   Count VI:  State Law Claims**

3           The Court construes Plaintiff's final Count as asserting claims for defamation and invasion

4   of privacy.  As discussed above, all state law claims asserted against furnishers of information

5   based on their obligations under the FCRA are subject to total preemption and therefore, these

6   claims fail as to Discover Bank and cannot be cured by amendment.   With respect to the Credit

7   Reporting Agency Defendants, the Court has already found that Plaintiff's invasion of privacy

8   claim is not preempted to the extent Plaintiff alleges that these Defendants acted recklessly or with

9   malice but that Plaintiff's allegations are insufficient to state a claim for invasion of privacy.

10  Similarly, Plaintiff's defamation claim against the Credit Reporting Agencies includes the

11  allegation that these Defendants acted recklessly or with malice.  Therefore, the claim is not

12  preempted as to these Defendants.  Nonetheless, Plaintiff fails to state a claim for defamation

13  against the Credit Reporting Agency Defendants because he has not alleged that any of these

14  defendants provided the allegedly false information in his credit reports to any third party.

15  Consequently, there has been no "publication," which is a required element to establish

16  defamation.  *See Taus v. Loftus*, 40 Cal.4th 683, 720 (2007)( "[t]he elements of a defamation claim

17  are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural

18  tendency to injury or causes special damage"); *Mnatsakanyan v. California Professional Corp.*

19  *Cavalry Portfolio Services, LLC.*,  2013 WL 10156242, at *8 (C.D. Cal., Jan. 22, 2013).

20  **IV.     CONCLUSION**

21          For the reasons stated above, the Court finds that Plaintiff states viable claims against

22  Discover Bank and the Credit Reporting Agency Defendants under the FCRA but that Plaintiff's

23  remaining claims against these Defendants fail as a matter of law for the reasons discussed above.

24  Therefore, the Court dismisses the following claims:  1) Count 1 (Malicious Prosecution and

25  Abuse of Process, against Discover Bank) – dismissed  with prejudice; 2) Count 2 (Constructive

26  Fraud, against Discover Bank) – dismissed with leave to amend; 3) Count IV (Invasion of Privacy,

27  against Discover Bank and the Credit Reporting Agency Defendants) – dismissed with prejudice

28  as to Discover Bank;  dismissed with leave to amend as to Credit Reporting Agency Defendants;

United States District Court
Northern District of California

15

United States District Court
Northern District of California

1   4) Count V ("Negligent, Wanton, and/or Intentional Hiring and Supervision of Incompetent

2   Employees or Agents," asserted against Discover Bank and Credit Reporting Agency Defendants)

3   – dismissed with prejudice as to Discover Bank; dismissed with leave to amend as to Credit

4   Reporting Agency Defendants; 5)  Count VI ("State Law Claims" including defamation and

5   invasion of privacy, asserted against Discover Bank and Credit Reporting Agency Defendants) –

6   dismissed with prejudice as to Discover Bank; dismissed with leave to amend as to Credit

7   Reporting Agency Defendants.  In addition, to the extent Plaintiff is attempting to assert a claim

8   under the FDCPA against Discover Bank, that claim is dismissed with prejudice.

9           Plaintiff may file an amended complaint to address the deficiencies identified in this Order

10   within thirty (30) days of the date of this Order.  The Court will determine whether service of the

11   amended complaint is appropriate at that time.

12           **IT IS SO ORDERED.**

13

14   Dated: March 4, 2015

15

16   _____

17   JOSEPH C. SPERO
     United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28